[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Appellant, Clifton O. Vinson, appeals the June 14, 2001 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, revoking his probation and committing him to the Department of Youth Services ("DYS") for a period of time not to exceed twelve months, plus an additional mandatory one-year commitment to be served prior to and consecutively with the permanent commitment. For the reasons that follow, we affirm.
On April 13, 2000, appellant, along with his parents, appeared before a magistrate. Appellant entered an admission to the amended charge of burglary with a firearm specification.[1] The magistrate ordered a presentence investigation, and continued the matter for a disposition.
On April 25, 2000, the parties reappeared before the magistrate, at which time the court placed appellant on probation until May 1, 2001.[2]
In addition, the magistrate ordered that appellant abide by the curfew set by the probation officer, that he have no other violations of the law, no truancy from home or the school program, that he follow the rules at home and at the school program, that he is not allowed to leave the county without permission, that he is not to possess any weapons, drugs, or alcohol, that he is to follow the recommendations of a substance abuse assessment, that he is to cooperate with day treatment through Rosemont, and the intensive probation program, and that he is to complete sixty hours of community service, and pay $300 in restitution by October 1, 2000.
On May 7, 2001, the state filed a motion alleging that appellant violated his probation by being truant from school. On June 8, 2001, the motion was heard before the magistrate where appellant and his mother were present. At the hearing, appellant entered an admission, and the magistrate recommended revoking appellant's probation and committing appellant to DYS for a minimum term of one year, with seventy-four days credit, plus an additional mandatory one-year commitment for the firearm specification to be served prior to and consecutively with the permanent commitment.
Appellant did not file any objections to the magistrate's recommendation. On June 14, 2001, the trial court filed a judgment entry adopting and approving the magistrate's decision. It is from that judgment entry that appellant appeals, assigning as error:
 The trial court erred in permanently committing Appellant to the custody of the Department of Youth Services, pursuant to R.C. 2151.355, when it failed to suspend that disposition at the time it placed Appellant on probation.
As a threshold matter, we note that appellant did not file any written objections to the magistrate's decision. Pursuant to Juv.R. 40(E)(3)(a), appellant may file written objections within fourteen days of the filing of the magistrate's decision. See, also, Civ.R. 53(E)(3)(a). While it is not mandatory that appellant file any written objections, Juv.R. 40(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.) See, also, Civ.R. 53(E)(3)(b).
We have consistently held that an appellant's failure to file objections in compliance with the rules prevents the appellant from appealing the issues decided in the magistrate's decision. In the Matter of Donell Daniel (Feb. 14, 2002), Franklin App. No. 01AP-313, unreported; In the Matter of Isiah Hunter (Mar. 6, 2001), Franklin App. No. 00AP-507, unreported; In the Matter of Brandi Johnson (Dec. 12, 2000), Franklin App. No. 00AP-390, unreported; and In the Matter of Nicholas Young (Dec. 21, 1999), Franklin App. No. 99AP-489, unreported. As a result, our analysis of the magistrate's decision is limited to any errors of the law or other defects on the face of the order. In re Patrick Walker (Sept. 16, 1999), Franklin App. No. 98AP-1548, unreported. See, also, In the Matter of Isiah Hunter (Nov. 14, 2000), Franklin App. No. 00AP-421, unreported (in the absence of any objections made by appellant, the reviewing court can only review the case to determine if the magistrate's decision is factually erroneous).
Appellant contends that because the trial court placed appellant on probation without imposing another disposition, and then suspending that term, appellant was not given proper notice as to the ramifications of violating his probation. Appellant further argues that because juvenile offenders are "less educated than adult offenders," they should receive the same protection afforded to adult offenders who violate the terms of their community control sanction and face imprisonment. (Appellant's brief, p. 4.)
We have previously decided this very issue in the opinions of In the Matter of Antonio Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported; and In the Matter of James L. Cunningham (Feb. 13, 1996), Franklin App. No. 95APF08- 1015, unreported. In Kelly, we held that:
 * * * [T]he juvenile statutory scheme and public policy indicate that the trial court has authority to resentence a defendant who violates the terms of probation. Unlike the adult code, the juvenile code makes no provision for suspension of a sentence prior to imposition of probation. The trial court, in fact, is authorized to place a defendant on probation without imposing a sentence of incarceration. (See R.C. 2151.355
regarding dispositional options.) Significantly, probation is defined in terms which indicate that a disposition of probation is subject to modification and, thus, is not final. R.C. 2151.011(A)(14) defines probation as:
 "* * * [A] legal status created by court order following an adjudication that a child is delinquent * * * whereby the child is permitted to remain in the parent's, guardian's, or custodian's home subject to supervision, or under the supervision of any agency designated by the court and returned to the court for violation of probation at any time during the period of probation." (Emphasis added.)
 Under R.C. 2151.355, probation and commitment to DYS are both dispositional options for adjudicated delinquents who commit acts which would constitute felonies if committed by an adult. We conclude that, when placing a juvenile on probation, the trial court need not first impose and suspend a commitment to DYS in order to later make a DYS disposition after the juvenile violates probation.
After carefully reviewing the entire record, the transcripts of the proceeding and the magistrate's decision and recommendation, we have determined that the decision and recommendation contains no errors of law or is factually erroneous. Furthermore, for the reasons previously set forth above in Kelly, we find that the trial court properly committed appellant to DYS for violating his probation without imposing a suspended commitment to DYS at the time of the initial disposition. Accordingly, appellant's sole assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.
[1] In preliminary matters, appellant entered an admission to attempted grand theft auto, in exchange for the state's dismissal of the drug abuse charge in case No. 99JU-13932; in case No. 99JU-11417, the state dismissed the incorrigible charge; in case No. 00JU-2412, the state dismissed the burglary, theft, and possession of criminal tools; in case No. 00JU-1672, appellant entered an admission to resisting arrest in exchange for the state's dismissal of the truancy charge; and in case No. 00JU-3889, appellant's mother, Lilly Chapman, agreed to dismiss the domestic violence and assault charges. (Apr. 13, 2000, Tr. 2-3.)
[2] On March 16, 2001, the magistrate extended appellant's probation to June 8, 2001.